STATE, EX REL. POST, TRUSTEE, PLAINTIFF-RELATOR, *v.* TRIMBUR, COUNTY AUDITOR, DEFENDANT-APPELLANT.

Ohio Appeals, Seventh District, Trumbull County.

No. 1578.   Decided June 18, 1963.

*Messrs. Dennison, McGeough & Orosz,* for plaintiff-relator.
*Mr. Lynn B. Griffith, Jr.,* prosecuting attorney, for defendant-respondent.

BROWN, J. Section 5723.12, Revised Code, provides:—

"* * * On producing or returning to the auditor the certificate of sale, the auditor, on payment to him by the purchaser, his heirs, or assigns, of the sum of five dollars, shall execute and deliver to such purchaser, his heirs or assigns, a deed, which deed shall be prima-facie evidence of title in the purchaser, his heirs or assigns."

The relator who has purchased and now holds certificates for 272 such parcels purchased at forfeited land sales desires the auditor to deliver one deed describing all the parcels in return for the 272 certificates and one five dollar fee. Relator calls to the court's attention the fact that multiple deeds would require fees amounting to $1,360.00 under Section 5723.12, Revised Code, and recording fees of $544.00 instead of $2.00.

Respondent claims he has no discretion in the matter and that he is required to execute several deeds for each parcel represented by a certificate and to charge the fee therefor. Respondent cites 1961 Ohio Attorney General Opinion 2453, dated August 11, 1961, as authority for this.

Relator by way of mandamus prays for an order that one deed for one fee be delivered to relator by the auditor. Relator's arguments in favor of savings of time and money both to the auditor-respondent and to the purchaser-relator are quite persuasive and were expertly made. If we were called upon to decide whether the auditor in a proper case might be permitted to give one deed for multiple certificates we would hold that counsel for the relator had persuaded us in this matter which he argued affirmatively. However, we are called upon to decide whether relator has shown a clear right to the relief sought.

Upon this question we must find in the negative. The act requested is not one of absolute obligation on the part of the person or officer sought to be coerced as required by the cases generally and particularly as stated in *State, ex rel. Gallinger,* v. *Smith,* 71 Ohio St., 13.

Writ denied.

DONAHUE, P. J., and FRANCE, J., concur.